UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUREN BAGHDASARYAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,<br><br>Respondents. | No.  1:25-CV-01555-KES-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION TO DISMISS, AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>Docs. 1, 9, 12, 15 |

Petitioner Suren Baghdasaryan is an immigration detainee proceeding with a petition for writ of habeas corpus.  Doc. 1.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 11, 2026, the assigned magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted, that respondent's motion to dismiss be denied, that petitioner's motion for temporary restraining order be denied as moot, and that respondent be ordered to release petitioner from custody unless respondent provides petitioner with a bond hearing before an immigration judge to be held within thirty days that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).  Doc. 15.  The findings and recommendations were served on the parties and contained notice that any objections to the findings and recommendations were to be filed within

1

fourteen days of service. *Id.* at 2–3.

On February 19, 2026, respondent filed objections. Doc. 16. Respondent objects "for the reasons discussed in Respondent's motion to dismiss the habeas petition, ECF 9, and reply in support of that motion, ECF 14." Doc. 16. Respondent did not make any new arguments or address any specific portion of the findings and recommendations in the objections, except for objecting to the magistrate judge's finding that the reply was untimely. *See id.* The Court finds that respondent's reply was timely and considers it in connection with respondent's objections. In his reply, respondent disputes petitioner's factual assertion that his last hearing in immigration court had been rescheduled at the government's request. *See* Doc. 14. But even if true, that fact does not undermine the analysis of the findings and recommendations. *See* Doc. 15. The remaining arguments in the reply were also made in the motion to dismiss, and the findings and recommendations appropriately addressed the issues raised.

In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on February 11, 2026, Doc. 15, are ADOPTED IN FULL;

2. The petition for writ of habeas corpus is GRANTED;

3. Respondent's motion to dismiss (Doc. 9) is DENIED;

4. Petitioner's motion for temporary restraining order (Doc. 12) is DENIED as moot;

5. Respondent is ORDERED to release petitioner from custody unless respondent provides petitioner with a bond hearing before an immigration judge to be held within THIRTY (30) days that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), at which:

 a. "the government must prove by clear and convincing evidence that [petitioner] is a flight risk or a danger to the community to justify denial of bond," *Singh*, 638 F.3d at 1203, and

      b.  the IJ should consider petitioner's financial circumstances or alternative conditions of release in the event petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond; and

6.     The Clerk of Court is directed to enter judgment for petitioner and close the case.

IT IS SO ORDERED.

Dated:    February 20, 2026

                        UNITED STATES DISTRICT JUDGE